Curia, per Sutherland, J.
This is a writ of error to the court of common pleas of the county of Delaware. From *the return to the writ, it appears that the case came before the court below, upon the appeal of Edgerton from a judgment rendered against him, before a justice of the peace, in favor of Latham. , lhe justice s return to the court of common pleas consti-
*242 tutes a part of the "record; and shows-that Latham sued Edgerton before the -justice ■ in an action of debt upon a -judgment rendered by one Elisha B. Maynard, for $34 damages, and $4T9 costs.
Edgerton pleaded before the justice, that the judgment (if any was obtained) was discharged by virtue of an appeal therefrom to the court of common pleas, &c., where the cause, and issue on which the judgment was rendered and the subject matter thereof, were tried, and a verdict "given and judgment tendered thereon in favor of Edgerton against Latham, which'L'átham voluntarily paid.
Latham replied, that 'the proceedings on the appeal suit were void, and the court had no jurisdiction, in as much as'the bond on the appeal was not in the penal sum of double the amount of the damages and costs before the justice.
Edgerton rejoined, that Latham ought not to have his action, &c., because he duly appeared on the appeal, and never moved the C. P. to set it aside, but prosecuted the appeal to trial and 'judgment; wheteb'y he -waived hij objection, and is estopped from denying the validity of th* judgment.
To this rejoinder, Latham, the plaintiff before the jut, tice, demurred, and Edgerton joined in demurrer; and the -justice rendered - judgment for the plaintiff, upon the demurrer, for $42 60 damages, and 65 cents costs.
From this judgment, Edgerton, the defendant in the suit before the justice, regularly appealed to the court of common pleas of the county of Delaware; and that court adjudged that the rejoinder of Edgerton was a good bar to the action of Latham, and accordingly rendered a judgment in his (E.’s) favor for $12 80, the costs of the appeal To reverse this judgment, Latham" brings his writ of error.
It' has repeatedly been-decided by this court, that -the courts of common pleas, in cases of appéal, •'acquire no jurisdiction, unless the provisions of the act giving the appeal are strictly *complied with. Among other things, the bond must be in double the amount of the judgment, before *243 the justice. (4 Cowen, 61, 82, 540. 6 id. 585, 592, 3. 7 id. 468.) The same cases show, that although the parties to such appeal join issue, and go to trial in the court of common pleas, yet the court does not, by that means, acquire jurisdiction, but is bound, even after trial, to dismiss or quash the appeal, if a motion is made for that purpose. The parties are considered as having a standing in court only by force of the appeal; and, although the subject matter of the suit be one over which the court might have had original jurisdiction, yet, having been brought there by appeal, the subsequent acts of the parties are considered as compulsory, and not as intended voluntarily to confer jurisdiction upon the court. The act creates a new mode of transferring suits originally commenced before justices of the peace to the court of common pleas. It confers a new and peculiar jurisdiction upon those courts, which vests only upon a strict compliance by the parties with all the requirements of the act.
According to these principles, the proceedings of the court of common pleas, on the original appeal, were coram non judice and void ; it being admitted by the pleadings that the penalty of the bond given upon that appeal was not in double the amount of the judgment before the justice. [1] That judgment was of course unaffected by the appeal, and remained in full force.
But it is said that a record cannot be impeached by pleading; that the plaintiff below should either have applied to the court of common pleas to set aside the proceedings upon the appeal, or have brought a writ of error, and alleged diminution in the bond ; that having submitted to the judgment of that court, he cannot now impeach it. The plaintiff below might have applied to the court to set aside their proceedings ; but he was not bound to do so. He had a right to lie by until the decision or judgment of the court was set up against him, and then to show that the proceedings were void for want of jurisdiction. The principle that a record cannot be impeached by pleading, is not ap *244 plicable to a case like this. The want of jurisdiction• is a 1 , J matter that may always *be set up against a judgment, when sought to be enforced, or where any benefit is claimed under it. [1] The want of jurisdiction makes it utterly void and unavailable for any purpose. (Opinion of Thompson, Ch. J. in Borden v. Fitch, 15 John. 141. Mills v. Martin, 19 John. 33.)
The court below, therefore, erred in rendering judgment for the defendant.
Judgment reversed.

 Delafield v. The State of Illinois, 2 Hill, 159. Barber v. Winslow, 12 Wen. 104. Harrington v. The People, 6 Barb. 607. Noyes v. Butler, id. 613. Burckle v. Eckart, 3 Denio, 279.

 The correctness of this doctrine is questioned in Van Dausen v. Hayward, 17 Wen. 67.