The People of the State of Illinois, *ex relatione* Julius C. Wright *v*. Josiah Lamborn, an Attorney and Counsellor at Law.

A lawyer employed to defend a suit, is not authorized to consent to the entry of a judgment against his client, without his assent. His doing so, is a violation of the confidence reposed in him, and if done with a corrupt intent, involves such a degree of moral turpitude, as would authorize the Court to strike his name from the Roll of Attorneys.

An alteration of the process of the Court, between its delivery by the clerk to the party or his attorney, and its reception by the sheriff, is illegal, and highly improper.

In general, where the complainant is not the person injured, application for a rule against an attorney to show cause why his name should not be stricken from the Roll, should be based upon the affidavit of some person who shall affirmatively allege the truth of the charges preferred against the attorney, and not merely his belief in the truth from the information of others.

This was a rule against Josiah Lamborn, an attorney and counsellor of the Supreme Court, to show cause why his name should not be stricken from the Roll of Attorneys.

Julius C. Wright, the relator, filed an affidavit in the nature of an information, in this Court, against the defendant, containing five distinct charges of mal-conduct in office, as an attorney and counsellor at law.

The first alleged that one Benjamin Green recovered a judgment before a justice of the peace, of Morgan county, against the relator, and that by the advice of Lamborn, he appealed said cause to the Circuit Court, and employed him to conduct his defence. That Lamborn, so far from complying with his duty as attorney for Wright, " corruptly agreed with one Washington Weeks (the person who claimed the right and ownership of said judgment) and without the knowledge or consent of the said Wright, but for the purpose of obtaining a compromise of other matters with the said Weeks, in which the said Lamborn was interested, but in which the said Wright had no interest," &c. &c. that " the said judgment of said justice of the peace should be affirmed."

The second charged the defendant with deserting his client after having received a retainer, and going over to his client's adversary, and assisting him to defraud his client.

The third was for altering the date of an execution from the 26th day of June, to the 26th day of July; and agreeing with the defendant, for his own gain, to delay the collection of his client's debt, upon the defendant in the execution paying him twenty-five per centum per annum interest on the amount of the execution, so long as he delayed its collection; and for delaying the collection of the execution for several months.

The fourth charged that the defendant was employed and fully paid by one Catlin, to defend a suit for him, and that after being

so paid, he "went to the plaintiffs in said suit, and tendered them his services as attorney to prosecute said suit against said Catlin for them, stating to the said plaintiffs, that as he had been employed by said Catlin, he knew all the secrets of his defence, and was better able thereby to defeat the same."

The fifth charged that said defendant after being employed as an attorney by one Berry, deserted his client, and, without his knowledge, went over to his opponents, and conducted the cause for them.

The relator stated in his affidavit, that he knew nothing of any of the charges, of his own knowledge, except the first, but that he learned them from the information of others, and he believed the same to be true.

The defendant appeared in Court in person, and by counsel, waived the issuing of process against him, and pleaded not guilty.

N. W. EDWARDS, Attorney General, for the People.

S. BREESE, for the defendant.

WILSON, Justice, delivered the opinion of the Court:

The office of an attorney and counsellor at law, is one of great responsibility. To the lawyer is confided the cause of his client, and in the issue of that cause may be involved property, life, liberty, and character. It results, then, from the magnitude of the interest committed to him, that he may be the means of much good, or of extensive mischief. When actuated by high and honorable motives, the innocent may with confidence look to him for protection, and the injured for redress. But by basely betraying his trust, he becomes a scourge to society, and a stain to a profession every where esteemed honorable. Courts of justice ought, therefore, from a just sense of their own honor and integrity, as well as from a regard to the interest of the community, to be cautious whom they admit to minister in their temples, and firm in expelling from their portals, those whose conduct would pollute the judicial altar.

In this case, five charges are exhibited against the defendant. In relation to the first charge, the Court is of opinion that a lawyer employed to defend a suit, is not authorized to consent to the entry of a judgment against his client without his assent; that his doing so, is a violation of the confidence reposed in him, and if done with a corrupt intent, involves such a degree of moral turpitude, as would authorize the Court to strike his name from the Roll of Attorneys. Although the evidence establishes the fact that the defendant confessed a judgment in the case of Wright, without his knowledge or consent, still as it is not satisfactorily shown that the motive which induced the act, was corrupt and criminal, nor that Wright, the defendant in the

action in which the consent to an affirmance of the judgment was given by defendant, was injured thereby,—he not having, as far as the testimony shows, any legal defence in that cause,—and as the defendant may possibly have misconceived his powers, we are of opinion that the first charge and specifications are not made out.

The Court, however, deems it proper and necessary to say, that while the proof does not authorize the finding of the specifications and charges proved, still the defendant's conduct is not free from censure.

The testimony in relation to the second charge is so inconclusive, and involved in so much confusion and obscurity, that it furnishes no data upon which to form an opinion unfavorable to the defendant. He is therefore acquitted of that charge.

The Court cannot sanction the alteration of the execution mentioned in the third charge. From the evidence, the inference is strong that it was made by the defendant, and the Court, on the presumption of the case, might so consider it; yet, as we do not perceive any criminal motive on the part of the defendant, to make the alteration complained of, and as no injury resulted from the alteration to either of the parties in the suit,—and inasmuch as it is not manifest that any was intended, the Court consequently acquits the defendant of this charge; but wishes it to be distinctly understood, that an alteration of the process of the Court, between its delivery by the clerk to the party or his attorney, and its reception by the sheriff, is illegal, and highly improper. The Court does not consider that part of the third charge sustained by proof, which accuses the defendant of corruptly bargaining with Green, to receive 25 per cent. interest for his own benefit.

With reference to the fourth charge, the counsel for the defendant, in the argument admitted that he had been guilty of an indiscretion in his conduct, in the offer he made to Berry, of his services in a suit in which he had been employed on the other side, provided his client would release him. The Court feels constrained to say, that an act of this kind is highly censurable, although there may have been an absence of a corrupt motive, and the offer may have proceeded from a want of reflection, and a just sense of the position an advocate occupies when retained by his client. Nothing, in our judgment, is more undignified and degrading, than for a lawyer to solicit business of those who are litigating; but more especially do they consider it derogatory to professional propriety, for an attorney, after he is in possession of his client's secrets, to intimate a willingness to go over to the opposite side, either with or without the consent of his client. If the conduct of a client should be so dishonorable or improper, as to warrant the advocate in withdrawing from his cause, yet a

K*

just sense of the delicacy of his position, and a regard for the honor and character of the profession, should admonish him not to intimate or express a willingness to be employed by his client's adversary, and particularly not to act for him in advance. As it appears from the evidence, that the defendant never refused his services to Catlin, nor abandoned his case, he is necessarily acquitted of the fourth charge.

The Court is of opinion that the proof is insufficient to sustain the fifth charge. The defendant is therefore acquitted.

The information in this case, it will be seen, contains five charges. Wright, the relator, is the only person charged to have been injured by the alleged misconduct of the defendant. He appears in the character of a complainant. The other persons alleged to have been injured by the conduct of the defendant, either do not appear at all, or such as do, in most instances, express in their examination (whatever may have been their declarations elsewhere) their satisfaction with the professional conduct of the defendant in their causes. From these facts thus developed, the Court, from a sense of justice, and with a view of discouraging applications that cannot be supported by proof, wish it to be understood, as a general rule, that they will not favor applications of this character, where the party alleged to have been injured by the misconduct of the attorney, shall not be the complaining party, and the facts charged are not supported by the oath of that party, or some other person who shall affirmatively allege their truth, and not merely their belief of their truth from the information of others. In laying down this general rule, the Court does not mean to be understood, that there may not be a case of circumstantial evidence which might justly call for its interposition, but the inference from the facts sworn to, should be strong and overpowering, and the invaded rights of the injured individual demand the investigation, before the party should be called upon to answer the accusation. It is not upon every idle rumor put forth with the garb and semblance of truth, aided by feelings of hostility, that a member of the profession should be arraigned for supposed misconduct. It is the duty of the Court to guard with vigilance every member of the bar from such assaults, while at the same time it should not shrink from inflicting exemplary punishment upon those who are guilty of acts of delinquency.

From a consideration of all the circumstances of this case, the Court cannot refrain from admonishing the defendant, of the necessity which in its opinion exists, that he should hereafter guard his reputation with a jealous watchfulness, and that the indiscretions which have been committed may not be repeated. It is also hoped that while every member of the bar may feel a deep interest in the reputation of the profession, that no one will

too readily listen to charges and accusations against their professional brethren, nor be their accusers without good cause.

The rule to show cause is discharged.

*Rule Discharged.*

Justice BROWNE dissents from the opinion of the Court, so far as it intimates that any of the charges have been in part sustained; in his opinion, the prosecution has failed to prove the acts charged, as well as to show a corrupt and criminal motive.