ADRIAN BONNET, PLAINTIFF, *v.* ALBERT LACHMAN AND OTHERS, DEFENDANTS.

*Evidence — effect, on the rights of a party denying the validity of a judgment, of the introduction by him of the judgment-roll.*

The complaint, in an action for the conversion of personal property, alleged, among other things, that the property was taken by the defendants under a judgment, void because there had been no service of the summons in the action in which it was recovered.

The defendants set up the judgment, and justified under it.

Upon the trial of the action the plaintiff offered the judgment-roll in evidence, expressly stating that it was offered for the purpose of showing the judgment to be void, and gave evidence tending to show that the summons was never served.

The court dismissed the complaint upon the ground that no cause of action had been established, and upon the further ground that the plaintiff was precluded, by offering the judgment-roll in evidence, from attacking it.

Upon an appeal by the plaintiff from a judgment dismissing the complaint:

*Held,* that such dismissal was improper.

That, by putting the judgment-roll in evidence in the manner stated, the plaintiff had not lost his right to show a want of jurisdiction in the court which rendered the judgment.

That as there had been no service of the summons, and the judgment was concededly void, the position of the plaintiff was in no respect different from which it would have been had the judgment been offered in evidence by the defendant, and the plaintiff, as he would have had a right to do, had then proceeded to establish the facts which made it void.

EXCEPTIONS of the plaintiff Adrian Bonnet, taken upon a trial had at the New York Circuit before the court and a jury at which his complaint was dismissed.

Upon the trial the defendant gave no proof of the service of the summons, in the action in which an alleged judgment, upon which he rested his defense, was recovered, beyond the affidavit of service by a person who, it was claimed, made the service of the summons, in an action in the City Court of New York, and who had since died. The defendant gave evidence by two witnesses tending to show that no service was made.

*E. T. Bartlett*, for the plaintiff.

*Herman Frank*, for the defendants.

PATTERSON, J.:

On the trial of this cause the complaint was dismissed and the exceptions were ordered to be heard in the first instance at the General Term. The action was for the conversion of certain personal property, the complaint containing the proper allegations, but also setting forth that the taking and conversion of the property by the defendants was under an execution issued on a pretended judgment in favor of the defendants and against the plaintiff, but which judgment was absolutely void, and under proceedings taken by a receiver in supplementary proceedings, appointed on the examination of a third party who had possession as bailee of part of the converted property, such receiver having been appointed at the instance of the defendants. It was also alleged in the complaint that the plaintiff never was served with a summons in the action in which the pretended judgment was recovered. The defendants' answer sets up the judgment; and the taking and disposal of the property under the execution issued thereon, and by the receiver are justified as having been done by due and regular process of law. On the trial the plaintiff proved his ownership of the property and offered in evidence a certain judgment-roll filed in the office of the clerk of the City Court of New York (being the judgment in question), and the record states that, while offering it, counsel " expressly insisting that it is a void judgment and false affidavit of service and put in evidence as part of the plaintiff's case for the purpose of attacking said judgment and proving it to be void, and attacking said affidavit of service and proving it to be false." Thereupon, and without objection, it was read. Witnesses were then called and examined, and, without objection, they testified to facts tending to show, and which, uncontra-

dicted, did show, that no legal service of a summons ever had been made on plaintiff in the action in the City Court, the judgment in which was entered by default.

At the close of the plaintiff's proofs the motion to dismiss was made on three grounds: First. That no cause of action had been established. Second. That the plaintiff is precluded by the judgment-roll which he introduced in evidence, and the same cannot be attacked in the manner in which the plaintiff seeks to attack it here; and, third, that the proof attacking the service was insufficient to overcome the evidence of service filed with the judgment-roll. The nonsuit was granted on the first and second grounds, the third being held untenable.

As the case stood it was fully shown, *prima facie*, that the judgment was void. The City Court had not obtained jurisdiction over the person of the defendant in that action. It was shown affirmatively that no service was made. That proof came into the case without objection, and the validity of the judgment was directly in issue. As this cause was tried it was immaterial by whom the judgment record was introduced. The undisputed testimony showed it to be a void judgment. It is undoubtedly true that, as a general principle of law, a judgment, regular in form and purporting on its face to have been rendered in a court having jurisdiction of the person of the defendant and of the subject-matter of the action, cannot be attacked collaterally, but it is also true that the want of jurisdiction may always be set up against a domestic judgment sought to be enforced, or when any benefit is claimed under it, and the bare recital of jurisdictional facts in the record is not conclusive, but may be disproved by extrinsic evidence. (*Ferguson* v. *Crawford*, 70 N. Y., 253.) The question in this case is not one of pleading. Had the plaintiff simply alleged the ordinary facts, declaring in trover, and limited his proof to those facts, his *prima facie* case would have been made out. The complaint neither lost nor gained anything by setting forth the pretended facts upon which the defendants relied for justification. Their answer sets up the same facts, and they stood upon them and thereby claimed the advantage or benefit of that judgment which in the proofs is shown to have been void. Had the judgment record not been introduced by the plaintiff but by the defendants, there can be no doubt the former would have been entitled to attack it, and show the facts rendering it a void judgment. With

all that testimony before the court ánd in the record without objection, it is quite immaterial by whom the record was offered. It was enough that the very judgment relied on by the defendants, and the benefit of which they sought to obtain as a defense to an action for conversion of property, was shown by uncontradicted testimony to be void. We think, therefore, the exceptions should be sustained and a new trial ordered, with costs to the plaintiff to abide the event.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Exceptions sustained and new trial ordered, with costs to the plaintiff to abide event.