WILLIAM E. WAMSLEY, Appellant, v. H. L. HORTON & COMPANY, (LIMITED), Respondent.

*Death of a defendant pending an action — cannot be pleaded as a defense — nor can the dissolution of a corporation.*

The death of a sole defendant which has occurred during the pendency of an action cannot be pleaded by his attorney as a defense to the action, nor can any defense be interposed in the name of a dead defendant, and the fact that the defendant is a corporation does not alter the rule.

In case a sole defendant dies, or if being a corporation it is dissolved, all subsequent proceedings taken by the plaintiff in the action before the defendant's representatives are brought in are void, and a judgment entered under such circumstances is invalid.

The authority of the attorney of record to act further in the case ceases upon the death or dissolution of the client, and he can take no further steps in the action under his original retainer.

An answer served by a defendant's attorney, pleading the death or dissolution of the defendant, should not be received by the attorney for the plaintiff, and if filed with the clerk of the court should be stricken out.

APPEAL by the plaintiff, William E. Wamsley, from an interlocutory judgment of the Supreme Court in favor of the defendant, bearing date the 8th day of March, 1895, and entered in the office of the clerk of the county of New York, overruling plaintiff's demurrer to one of the defenses contained in defendant's answer, and also from the order made at the New York Special Term and entered in the office of the clerk of the county of New York on 2d day of March, 1895, upon which said judgment was entered.

This action was begun January 9, 1893, by the personal service of the summons and complaint to recover damages for an alleged breach of contract. When the contract set out in the complaint was entered into, and when this action was begun, the defendant was a corporation organized and existing under the laws of the United Kingdom of Great Britain and Ireland, and engaged in business at the city of New York. The defendant appeared in the action and moved to set aside the service of the summons and complaint, which motion was denied. (68 Hun, 549; 70 id. 598; 139 N. Y. 656.) Subsequently the defendant demurred to the complaint but its demurrer was overruled. (77 Hun, 317.) Thereafter the defendant answered

FIRST DEPARTMENT, JUNE TERM, 1895.        [Vol. 87.

and later served an amended answer. November 21, 1894, a paper called a second amended answer was served, setting out four defenses, the fourth being that the defendant died — was dissolved — at London, England, on or about May 23, 1893. This document, denominated the second amended answer, was verified November 20, 1894, by one of the firm of attorneys, who is the defendant's attorney of record in the action. The plaintiff demurred to the fourth defense on the ground that it "is wholly insufficient in law, on the face thereof." The demurrer was overruled.

*Alexander S. Bacon,* for the appellant.

*John R. Dos Passos,* for the respondent.

FOLLETT, J.:

The death of a sole defendant who has died during the pendency of an action cannot be pleaded by his attorney as a defense to the action. Nor can any defense be interposed in the name of a dead defendant. The fact that the defendant is a corporation does not alter the rule. In case a sole defendant dies all subsequent proceedings taken by the plaintiff in the action before the defendant's representatives are brought in are void. A judgment entered under such circumstances would be invalid. When it is shown that a sole defendant has died, it is usual to enter a suggestion of the fact on the record which suspends all subsequent proceedings until the representative is brought in. It is very clear that a dead defendant cannot plead its death or any other fact as a defense. The authority of the attorney of record to act further in the case ceases upon the death of the client, and he can take no further steps in the action under his original retainer. We are unable to see on what principle any of the defenses interposed by this second amended answer can be demurred to. This answer ought not to have been received by the plaintiff's attorney, and, if filed with the clerk of the court, it should have been stricken out. A notice of motion to strike out such an answer may be served upon the person who assumed to serve and file it. The record before us is a strange one, and, we think, without precedent. We have a judgment asserting that a dead defendant has interposed a valid defense, and awarding it costs on the trial of an issue of law. We think the practice is without

precedent and without authority, and that neither the second amended answer nor any of the papers subsequently served or entered are valid, and they form no part of the record in this case, and that the second amended answer and all subsequent proceedings should be vacated and set aside, without costs to either party.

VAN BRUNT, P. J., and PARKER, J., concurred.

Second amended answer and all subsequent proceedings vacated and set aside, without costs to either party.