WILLIAM E. WAMSLEY, Appellant, v. H. L. HORTON & Co. (LIMITED), Defendant.

H. L. HORTON, Respondent.

*Dissolution of a foreign corporation under the laws of the foreign country — when an action pending against it cannot be continued against its trustees.*

An action brought against a foreign corporation which is subsequently dissolved, and a liquidator appointed under the laws of the foreign State, who thereby becomes vested with all the powers of the existing trustees, cannot be continued against such trustees, under section 757 of the Code of Civil Procedure, as being the "representative or successor in interest of the corporation," where it is not alleged that there is in the State of New York, or that they have in their possession, any property of the corporation.

*Semble*, that the provisions of the General Corporation Law (Chap. 687, Laws of 1892) do not apply to foreign corporations.

APPEAL by the plaintiff, William E. Wamsley, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of July, 1896, denying the plaintiff's motion to amend the summons and pleadings and to continue the action in the names of Henry L. Horton, William R. Balch and Francis A. Vauillon, as trustees of the defendant, H. L. Horton & Co., Limited.

*Alexander S. Bacon*, for the appellant.

*John R. Dos Passos*, for the respondent, H. L. Horton.

INGRAHAM, J.:

Assuming that the court obtained jurisdiction over the defendant corporation, and that the cause of action survived the dissolution of the corporation, the plaintiff was entitled to have the action continued against the "representative or successor in interest" of the

defendant, under the provisions of section 757 of the Code of Civil Procedure, but the court could only continue the action against the representatives of the corporation who in some way occupied that relation to it, or the successors in interest of the corporation who became vested with all interest in the property of the corporation, or in the property that was the subject-matter of the action.

It appeared that there is no property of the corporation within this State; that no receiver has been appointed of the corporation here, but that upon the dissolution of the corporation, one J. Earle Hodges, of London, England, was duly and regularly appointed by the said company its liquidator according to the law of Great Britain under which the corporation was incorporated, and that thereupon such liquidator became vested with all the powers of the then trustees of the company. The said liquidator proceeded to take possession of the property of the corporation and to apply the same to the payment of its debts.

It is quite apparent that the directors or trustees of the corporation were not the "representative or successor in interest" of the corporation. The property of the corporation vested in the liquidator appointed in England, and he, and not the trustees, was the representative of the corporation and succeeded to its interest in its property. We are referred to no statute of this State or of England which makes the directors or trustees of this corporation liable for its debts, or authorizes a suit to be brought against them by a creditor of the corporation. In fact, the directors or trustees ceased to be such upon its dissolution, for there was then no corporation of which they could be directors or trustees. It is not alleged that these trustees have in their possession any property belonging to the corporation. These trustees, therefore, do not come within the provision of the Code allowing an action brought against the corporation to be continued as against its representative or successor in interest, and it is clear that if such action were so continued it could be of no possible benefit to the plaintiff, as no judgment against the trustees as representing the corporation would be binding upon the official liquidator in England.

The provisions of the General Corporation Law (Chap. 687, Laws of 1892) do not apply to foreign corporations; but if they did, sec-

tion 30, relied on by the appellant, would not apply ; for here it expressly appears that another person has been appointed as liquidator of the corporation, in whom has vested all the property of the corporation for the purpose of distributing its property ; and the liability of such trustees is by this section of the General Corporation Law expressly limited to " the extent of the corporation's property and effects that shall come into their hands." It is not alleged that any property of this corporation has come into their hands.

We think, therefore, the court below was right in denying the motion on the ground that the trustees are not the representatives or successors in interest of the corporation, and are not liable for the debts of the corporation. The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., WILLIAMS, PATTERSON and O'BRIEN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.