(156 App. Div. 323.)

### SINNOTT v. HANAN.

(Supreme Court, Appellate Division, Second Department. April 18, 1913.)

1. JUDGMENT (§ 489*)—COLLATERAL ATTACK—WANT OF JURISDICTION.

> Want of jurisdiction may be always alleged against a judgment sought to be enforced, or upon which a cause of action is claimed.
>
> [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 924, 925; Dec. Dig. § 489.*]

2. ABATEMENT AND REVIVAL (§ 39*)—DISSOLUTION OF CORPORATION—EFFECT.

> The dissolution of a corporation or the revocation of its charter pending suit operates to abate an action and all proceedings taken therein against the corporation.
>
> [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 194–204; Dec. Dig. § 39;* Corporations, Cent. Dig. § 2589.]

3. ABATEMENT AND REVIVAL (§ 39*)—CONTINUING OR REVIVING—WHAT LAW GOVERNS.

> In an action against a foreign corporation, the question of corporate existence depends upon the law of the domicile; but the question of continuing or reviving actions against the corporation after it has been dissolved depends upon the lex loci, and a foreign statute relating thereto is of no avail.
>
> [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 194–204; Dec. Dig. § 39;* Corporations, Cent. Dig. § 2589.]

4. ABATEMENT AND REVIVAL (§ 39*)—REVIVOR OF ACTIONS—STEPS.

> 2 Comp. St. N. J. 1910, p. 1634, § 53, providing that any action pending against any corporation which may become dissolved before final judgment shall not abate, but no judgment shall be entered therein excepting upon notice to the trustees or receiver of the corporation, governs in case of the dissolution of a corporation pending an action, to the exclusion of the statute declaring that all corporations, whether they expire by their own limitation or are dissolved, shall continue bodies corporate for the purpose of prosecuting and defending suits by or against them; the latter act applying only to actions begun after dissolution.
>
> [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 194–204; Dec. Dig. § 39;* Corporations, Cent. Dig. § 2589.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs 1907 to date, & Rep'r Indexes

5. CORPORATIONS (§ 639*)—FOREIGN CORPORATIONS—STATUTES.
　　The general statute relating to corporations and their dissolution does not apply to foreign corporations.
　　[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2530, 2531; Dec. Dig. § 639.*]

6. ABATEMENT AND REVIVAL (§ 39*)—FOREIGN CORPORATIONS—STATUTES.
　　Code Civ. Proc. § .757, providing that in case of the death of plaintiff or defendant, if the cause of action survives, it may be continued by or against the representative or successor in interest of the plaintiff or defendant, applies to both foreign and domestic corporations.
　　[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 194–204; Dec. Dig. § 39;* Corporations, Cent. Dig. § 2589.]

7. ABATEMENT AND REVIVAL (§ 39*)—REVIVOR OF ACTIONS AGAINST FOREIGN CORPORATIONS—STATUTES.
　　Under Code Civ. Proc. § 757, providing that, if the cause of action survives the death of a party, it may be continued by or against the representative or successor in interest of plaintiff or defendant, and section 765, declaring that the entry of a judgment against a party who dies before the verdict is void, the dissolution of a corporate defendant stays all further proceedings, except an application to the court for leave to continue.
　　[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 194–204; Dec. Dig. § 39;* Corporations, Cent. Dig. § 2589.]

8. ABATEMENT AND REVIVAL (§ 39*)—WHAT CONSTITUTES.
　　Where a foreign corporation against whom an action was brought was dissolved pending the action, the fact that the attorney who originally represented the corporation continued to represent it during the trial does not constitute a revival of the action.
　　[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 194–204; Dec. Dig. § 39;* Corporations, Cent. Dig. § 2589.]

9. ABATEMENT AND REVIVAL (§ 39*)—WHAT CONSTITUTES—ATTACHMENT.
　　That an action against a foreign corporation was begun by attachment will not excuse plaintiff from reviving the action in case of the dissolution of the corporate defendant during its pendency.
　　[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 194–204; Dec. Dig. § 39;* Corporations, Cent. Dig. § 2589.]

10. CORPORATIONS (§ 691*)—DISSOLUTION—FOREIGN CORPORATIONS.
　　The courts of the forum will recognize the dissolution of a foreign corporation by the annulment of its charter for the nonpayment of taxes.
　　[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2673–2677; Dec. Dig. § 691.*]

Appeal from Trial Term, Kings County.

Action by Martin J. Sinnott against John H. Hanan. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Edwards H. Childs, of New York City, for appellant.
De Witt Bailey, of New York City, for respondent.

RICH, J. This appeal is from a judgment in favor of the plaintiff in an action brought to recover of the defendant as surety upon an undertaking given to discharge the levy of an attachment.

It appears that in 1901 an action was pending in the Supreme Court,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

brought by the plaintiff against the Expanding Tread Company, a New Jersey corporation, in which an attachment was issued; that for the purpose of procuring the discharge of the lien of the attachment the defendant and another executed the undertaking in suit. It further appears that after the levy under the attachment had been released, and before judgment was recovered, the Expanding Tread Company was dissolved by a proclamation of the Governor of the state of New Jersey under a statute of that state which provided that, if any corporation should for two consecutive years neglect or refuse to pay any tax that had been duly assessed against it, "the charter of such corporation shall be void, and all powers conferred by law upon such corporation are hereby declared inoperative and void."

It is claimed by the defendant that the judgment against the Tread Company was void, because the company had been dissolved before it was rendered. The undertaking provides:

"We jointly and severally undertake, pursuant to the statute in such case made and provided, in the sum of two thousand dollars, that the defendant will, on demand, pay to the plaintiff the amount of any judgment which may be recovered in the action against the defendant, the Expanding Tread Company, not exceeding the above-mentioned sum, with interest."

No proof was made upon the trial of any demand upon the appellant for payment, except such a demand as may be inferred from the issuance and return of an execution upon the judgment.

[1] The appellant contends that the court was without jurisdiction to try the action against the Tread Company, and in this I think he is clearly right. Want of jurisdiction may always be alleged against a judgment sought to be enforced, or upon which a cause of action is claimed. Latham v. Edgerton, 9 Cow. 227; Bonnet v. Lachman, 65 Hun, 554, 20 N. Y. Supp. 514; Ferguson v. Crawford, 70 N. Y. 253, 26 Am. Rep. 589.

[2] By the common law (and our attention is called to no statute of this state to the contrary) the dissolution of a defendant corporation, or a revocation of its charter pending suit, operates to abate an action and all proceedings taken therein. Pendleton v. Russell, 144 U. S. 640, 12 Sup. Ct. 743, 36 L. Ed. 574; McCulloch v. Norwood, :58 N. Y. 562; People v. Knickerbocker Life Ins. Co., 106 N. Y. 619, 13 N. E. 447; Matter of Palmer, 115 N. Y. 493, 22 N. E. 221; Rodgers v. Insurance Co., 148 N. Y. 34, 42 N. E. 515.

[3, 4] The plaintiff claims, however, that the court had jurisdiction to render judgment against the Tread Company, and calls our attention to a statute of the state of New Jersey (Comp. St. 1910, p. 1634, § 53) as follows:

"All corporations, whether they expire by their own limitation or be annulled by the Legislature or otherwise dissolved, shall be continued bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them to settle and close their affairs, to dispose of and convey their property and to divide their capital, but not for the purpose of continuing the business for which they were established."

But this statute does not aid the plaintiff, for while the corporate existence depends upon the law of its domicile, the question of continuing or reviving actions depends upon the law of the place where

the action was brought—in the case at bar upon the laws of our own state. Union National Bank of Chicago v. Chapman, 169 N. Y. 538, 62 N. E. 672, 57 L. R. A. 513, 88 Am. St. Rep. 614; Sturges v. Vanderbilt, 73 N. Y. 384; Northern Pacific Railroad v. Babcock, 154 U. S. 190, 14 Sup. Ct. 978, 38 L. Ed. 958; Baltimore & Ohio R. R. Co. v. Joy, 173 U. S. 226, 19 Sup. Ct. 387, 43 L. Ed. 677. In any event it is clear that the section did not govern the proceeding in an action pending at the time, but applied only to an action commenced after the dissolution; the procedure in a pending action being governed by section 59, which reads:

"Any action, now pending or to be hereafter begun, against any corporation which may become dissolved before final judgment, shall not abate by reason thereof, but no judgment shall be entered therein except upon notice to the trustees or receivers of the corporation."

It is not pretended that this procedure was followed.

[5-7] The statute law of this state relating to the abatement of actions is found in sections 755–766 of the Code of Civil Procedure. The general statute relating to corporations and their dissolution does not apply to foreign corporations. Coats v. Donnell, 94 N. Y. 168; Vanderpoel v. Gorman, 140 N. Y. 563, 35 N. E. 932, 24 L. R. A. 548, 37 Am. St. Rep. 601. Section 755 of the Code of Civil Procedure provides that actions shall not abate if the cause of action survives; section 757 (which applies to both foreign and domestic corporations [Wamsley v. Horton & Co., 12 App. Div. 312, 42 N. Y. Supp. 767]) provides that in case of the death of the sole plaintiff or a sole defendant, if the cause of action survives, the action may be continued by or against the representative or successor in interest; and section 765 of the same title provides that the entry of a judgment against a party who dies before the verdict, report or decision, is void. The effect of this section is to stay all further proceedings, excepting only an application to the court for leave to continue the action.

[8] It is contended by respondent that the court obtained jurisdiction to render the judgment, because the company actually appeared by counsel on the trial and participated therein. The answer to this is that the attorney who appeared at the trial was the same attorney who represented the corporation when the action was commenced, but his authority terminated with the death of his client—in this case with the dissolution of his client. Wamsley v. Horton & Co., 87 Hun, 347, 34 N. Y. Supp. 306.

[9] It is also urged that where an attachment is issued the courts of this state will retain jurisdiction, notwithstanding the dissolution of the defendant foreign corporation. Conceding that this is true, the property in the state could not be reached, except by the procedure created by our laws, which have been ignored. In Willitts v. Waite, 25 N. Y. 577, cited by respondent, the corporation had not been dissolved, and in Hammond v. National Life Ass'n, 58 App. Div. 453, 69 N. Y. Supp. 585, the court held that the plaintiff, who claimed to have been appointed receiver of a foreign corporation in this state after it had been dissolved by the court in the state of its domicile, could not be

heard to say that an attachment was void, for, if it was, his appoint-- ment as receiver was likewise void.

[10] It is also urged that the courts of this state will not recognize a foreign corporation as extinct because of the revocation of its char- ter for nonpayment of taxes, in the absence of a judicial decree to that effect. The two cases cited to sustain this contention (Kincaid v. Dwinelle, 59 N. Y. 548; New Eng. Iron Co. v. Gilbert El. R. R. Co., 91 N. Y. 153) each involve a domestic corporation which had not been dissolved, and they do not sustain his contention. Kincaid v. Dwinelle I regard as an authority to the contrary. The court says:

"A corporation may by virtue of proceedings against it, or by reason of its pecuniary condition, cease to exist for all practical purposes, all the purposes for which it was created or for which a corporation may exist; but it can- not be held to be actually dissolved till so adjudged and determined, either by judicial sentence or the sovereign power."

In the case at bar the corporation was dissolved by the "sovereign power." I am therefore of the opinion that the judgment against the defendant was void, and it follows that the judgment must be reversed, and the complaint dismissed, with costs. All concur.