Agnes Fessler, Appellant, v. Daniel E. Weiss, Appellee.

Gen. Nos. 45,606, 45,651.

Opinion filed September 9, 1952. Released for publication September 23, 1952.

IRVING M. GREENFIELD, and EDWARD A. MYERSON, both of Chicago, for petitioner; IRVING D. LEVIN, of Chicago, of counsel.

WYATT JACOBS, of Chicago, for respondent; CHARLES E. HECKLER, of Chicago, of counsel.

23

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

■ On June 26, 1951, the circuit court of Cook county entered an order in this case which (a) vacated a judgment entered June 14, 1951, upon a verdict for $10,000, (b) set aside an order denying a motion for judgment notwithstanding the verdict, (c) set aside an order denying a motion for a new trial, and (d) granted a new trial. From that portion of the order which granted a new trial, plaintiff petitions this court for leave to appeal. She also prosecutes an appeal from the balance of the order. On motion, the petition for leave to appeal was consolidated with the appeal. A motion to dismiss the appeal has been made on the ground that the order must be construed as a whole and as such is not a final order. As we have determined the matter on its merits, this motion is denied.

The suit is for personal injuries sustained by plaintiff while riding in a cab which collided with defendant Daniel E. Weiss's automobile. At the time of the accident defendant was covered by a liability insurance policy issued to him by the Preferred Accident Insurance Company of New York, under which the company agreed to defend him at its own cost against any suit brought against him to recover damages due to injuries caused by his automobile.

Wyatt Jacobs was retained by the insurance company and entered his appearance on behalf of defendant Weiss in January 1949. Over two years later, on April 19, 1951, the case reached the ''A'' trial call, that is, a list of cases which must be ready when reached. Jacobs or his associate, William H. Warvel, answered the trial call daily thereafter. In early May 1951 insolvency proceedings were instituted in New York against the insurance company and it was declared insolvent. After notifying defendant Weiss, Warvel appeared before the motion judge on June 11,

1951, and asked leave to withdraw Jacobs' appearance for Weiss, as the liquidator had refused to give Jacobs further authority to represent him in any suits. Weiss was present on June 11th when Jacobs' motion was argued before the motion judge and he agreed to abide by the decision of the court on that motion. At that time the case was practically ready to be assigned for trial, and the motion judge refused to allow Jacobs to withdraw. Jacobs and Warvel answered the call on June 12th, 13th and 14th, and on the last named date, the case was assigned for trial to JUDGE HENRY J. INGRAM, sitting in Cook county on a temporary assignment.

On June 14, 1951, the case came on for trial before JUDGE INGRAM. Weiss was not present. The jury was called and plaintiff proceeded to present her evidence. At the close of plaintiff's case a verdict was directed for certain defendants other than Weiss and one Goldman. No evidence was presented for Weiss. The jury returned a verdict of guilty as to Weiss and codefendant Goldman and assessed plaintiff's damages at $10,000. A motion for judgment notwithstanding the verdict or for a new trial was formally made and formally denied without contest by JUDGE INGRAM and judgment on the verdict was entered against both Weiss and Goldman.

■ On Saturday, June 16, 1951, two days after entry of the judgment, Jacobs appeared before JUDGE INGRAM, who was then sitting in the "Marriage Court," with a motion to vacate the judgment and the orders referred to. JUDGE INGRAM refused to hear Jacobs' motion at that time. On June 19, 1951, Jacobs presented to HON. HARRY M. FISHER, Motion and Assignment Judge of the Circuit Court, a motion to vacate the judgment and post-trial orders. This motion was supported by the affidavit of Mr. Warvel. After some argument and the presentation of a counter-affidavit

25

by Mr. Levin, counsel for plaintiff, the court on June 26, 1951 entered the order here in question. The court took judicial notice of the fact that JUDGE INGRAM, the trial judge, was not within the jurisdiction and held that the matter therefore came properly before his branch of the court. He concluded from the affidavits which had been filed and from the statements of counsel which had been presented to him that the proceedings at the trial, the verdict, and the subsequent post-trial motions and orders were all had pursuant to an understanding between counsel, and that Weiss had not been notified of the trial. Recalling the fact that he had ordered Mr. Jacobs to continue his representation of Weiss even though the insurance company had become insolvent and had denied Jacobs' motion for leave to withdraw, the court held that under such circumstances it could not presume that the lawyer had authority to consent tacitly or expressly to the verdict and the entry of the post-trial orders; that Weiss was not notified of the time of the trial; and that under such circumstances it was unjust to permit the judgment to stand. The court entered these orders pursuant to par. 7, section 50 of the Practice Act, which is as follows:

"(7) The court may in its discretion before final judgment, set aside any default, and may within thirty days after entry thereof set aside any judgment or decree upon good cause shown by affidavit, upon such terms and conditions as shall be reasonable."

The foregoing provision was enacted to take the place of term time, during which, it was said, all matters rested within the breast of the court and were always subject to change upon the exercise of proper discretion. The question, therefore, is whether there was such an abuse of discretion in the entry of the order of June 26, 1951, as to require reversal by this court.

██ It is argued that the insolvency of the insurance company and the refusal of the liquidator to

continue Jacobs' employment in the case, left counsel devoid of authority to represent Weiss. Ordinarily, dissolution of a corporation or partnership terminates the relationship of attorney and client. *Sinnott v. Hanan,* 156 App. Div. 323, 141 N. Y. Supp. 505; 5 Am. Jur., Attorneys-at-law, sec. 38. However, in this case counsel entered his appearance for Weiss, and the later liquidation of the insurance company did not affect the attorney-client relationship between him and Weiss. Jacobs' primary responsibility was to defend Weiss, and the fact that he was being paid by a third party cannot be allowed to detract from that responsibility in any respect.

■■ An attorney who has entered an appearance of record for a client may not terminate that relationship without a formal withdrawal of record by leave of court. *Jacobson v. Ashkinaze,* 337 Ill. 141; *Krieger v. Krieger,* 221 Ill. 479. Here, the motion judge's refusal to allow Jacobs to withdraw was entirely justified. Had counsel acted earlier, his motion to withdraw might well have been allowed. However, at the time his motion was acted upon, the trial was only a few days off. He had answered ready to the trial call for approximately a month after the insolvency of the insurance company. The time between the refusal of his motion and the trial was so short that, by his own admission, he was unable to notify Weiss. After his motion for withdrawal was refused, counsel apparently recognized his duty toward Weiss by answering himself or having Warvel answer the trial call daily and by having Warvel appear for Weiss at the trial.

■ It does not follow, however, that counsel were authorized to give away Weiss's case. Plaintiff cites numerous cases where clients were held to be bound by the allegedly unauthorized actions of their attorneys, with their only recourse being a suit against the negligent counsel. Four of them involve consent decrees

27

later attacked despite the fact that they had originally been entered with the approval of complainant's counsel. *Bergman v. Rhodes,* 334 Ill. 137; *Benevolent Society v. Aid Society,* 283 Ill. 99; *City of Kankakee v. Lang,* 323 Ill. App. 14; *Consaer v. Wisniewski,* 293 Ill. App. 529. In the *City of Kankakee* and *Consaer* cases the question of the authority of counsel was not put directly at issue. The attorney who approved the decree for complainants in the *Bergman* case had represented them for many years through a long course of litigation and the question of his authority was apparently not argued on appeal. The *Benevolent Society* case involved a question of attorneys' fees rather than the subject matter of the litigation. In none of these cases did the courts purport to lay down a flat rule that the authority of an attorney extends to giving away the entire substance of a suit. Quite the contrary—in the *Bergman* and *Benevolent Society* cases the Supreme Court specifically stated that an attorney's authority to bind his client is limited to the "conduct and management of the litigation," a phrase that cannot be interpreted as authorizing a consent to judgment.

██ The early case of *People ex rel. Wright v. Lamborn,* 2 Ill. 123, laid down the rule that a lawyer employed to defend a suit is not authorized to consent to the entry of judgment against his client without the client's consent. This rule has not been overruled. In *Village of Dolton v. Dolton Estate,* 331 Ill. 88, 93–4, the Supreme Court stated that if any attorney did exceed his authority in that respect, the remedy of the client would be against the attorney rather than against the winning party. However, this rule was laid down with respect to an attempt to set aside a judgment after the term. Such is not the situation here. Defendant here moved for a new trial within the 30-day period provided in the Civil Practice Act, and the action of the lower

court in granting a new trial is a matter of discretion. It cannot be reversed, except for abuse of that discretion. *Couch v. Southern Ry. Co.*, 294 Ill. App. 490; *Wagner v. Chicago Motor Coach Co.*, 288 Ill. App. 402; *Tone v. Halsey, Stuart & Co.*, 286 Ill. App. 169. Cases refusing to set aside consent decrees and judgments after a term of court has ended are not controlling here, where defendant moved for and had been granted a new trial within the time provided by sec. 50 of the Civil Practice Act.

 The court in exercising its discretion took note of the fact that counsel had been denied leave to withdraw. Considering that fact, along with all the other facts of the case, the court concluded that it could not be presumed that counsel's acquiescence in the verdict and judgment was authorized by his client, and that it would be unjust to make the client bear the responsibility for counsel's failure to notify him as to the time and place of the trial. The discretion was in our opinion soundly exercised.

 It is urged upon us that under the rules post-trial motions should be presented to the trial judge and that therefore Judge Fisher did not have jurisdiction to enter the order in question. It is true that normally such motions should be presented to the trial judge. Having heard and seen the witnesses and being familiar with the evidence, he is in the best position to pass upon post-trial motions. It would be intolerable to allow a losing party to shop around among the justices of a court for a hearing on post-trial motions before some one other than the trial judge. The circuit court has by section 6 of the orders of its executive committee provided that motions subsequent to trial should be heard by the trial judge. However, this rule does not apply to a situation such as is presented by the facts of this case. The trial judge was no longer sitting in Cook county, and it appears from the facts

that the trial itself was uncontested and that the post-trial motions were purely formal. If we were to apply the principle in a case such as this, it would in effect deprive the court of the jurisdiction reposed in it pursuant to par. 7, section 50 of the Civil Practice Act, *supra*. Under the circumstances in question, it was proper for JUDGE FISHER to have assumed jurisdiction of the motion.

██ ██ In the event of the death of a trial judge, his successor may rule on a motion for a new trial, even though he has not heard nor seen the witnesses. *People v. Ficke*, 343 Ill. 367; *People v. McConnell*, 155 Ill. 192. We take cognizance of the fact that it is common practice for judges outside of Cook county to preside in Cook county courts; and in the ordinary case where an actual trial has been held, these judges being familiar with the trial and having heard and seen the witnesses, should hear post-trial motions as provided by the rule. This, however, does not apply to a situation such as is presented by the facts in the instant case.

Other points were made and argued by plaintiff which we consider not applicable to the instant case.

██ In one respect, however, the court erred. He stated to counsel that if counsel consented, he would impose terms on the entry of the order. Under the circumstances here, the court should have imposed terms without requiring counsel to consent to the vacation of the judgment and a new trial. These terms should be adequate to reimburse plaintiff and counsel for the labor and expense, including reasonable attorneys' fees, incurred by reason of the mistrial. For that purpose the cause is remanded.

The order is affirmed in all other respects. The petition for leave to appeal from that part of the order granting a new trial is denied.

30

*Order affirmed in part, reversed in part, and cause remanded with directions.*

ROBSON, P. J. and TUOHY, J., concur.