BLANCHE KERGER *v.* WILLIAM F. KERGER ᴇᴛ ᴀʟ.
[Nos. 102, 103, October Term, 1928.]

*Decided March 1st, 1929.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*James E. Tippett* and *Herbert Mellor,* for the appellant.

*James Clark* and *Reuben D. Rogers,* for the appellees.

The following opinion was delivered per Curiam.

The court has before it here two appeals in one record. The first is from a decree denying Blanche Kerger, the appellant, a divorce *a mensa et thoro*, and awarding to William F. Kerger, the appellee, the custody of William, the infant son of the parties, aged nine years, and to the appellant the custody of their infant daughter Gladys, aged fifteen years, and requiring the appellee to pay to the appellant, for the support and maintenance of Gladys, the sum of eighteen dollars per month. The second appeal is from an order, subsequently passed, allowing for the appellant's counsel a fee of one hundred dollars for the prosecution of this appeal.

The prayer for divorce is grounded on an allegation of cruelty of conduct by the husband, consisting in assaults, abusive names, and association with dissolute women and adultery. Upon the filing of the bill an allowance of alimony and counsel fee *pendente lite* was made by the court, and, upon allegations of danger of concealment or disposition of the husband's property, he and his brother were restrained from disposing of any of it pending the suit.

The parties were married in 1906, and have four children, Madeleine, aged nineteen years; Nellie, eighteen years; Gladys, fifteen years, and a boy, William Francis, nine years; all of whom were at the time of the suit living with their mother. The parties separated in August of 1927, after living four months on a farm in Howard County, and the wife then moved to property in Ellicott City owned by the husband. The husband visited her at Ellicott City, however, cohabiting with her until the fall of that year, just before the bill of complaint was filed.

The evidence shows that the appellee was a drinking man, intoxicated at times, and on those occasions abusive to his wife, calling her vile names. And also shows that the wife retorted in kind, out of a habit, she says, which she acquired from him. And there was some evidence of his striking the wife at a long past date. Some questionable association of the husband with neighboring young women was shown, but the evidence did not show actual wrongful relations with

them. And the marital relations of the parties were continued for some months after the wife observed the facts rehearsed in the evidence. And there is a lack of corroboration of the wife's testimony of assaults upon her. The trial court concluded that both of the parties were in some degree responsible for the situation which existed; and this court comes to the same conclusion.

The charges made are not sufficiently supported by proof to warrant the granting of the divorce sought, and therefore it is held that the divorce was properly refused.

The problem of the custody of the children, now that the parties are separated, is, as usual, one of perplexity on the evidence; and without the advantage of having the parties before the court here, the perplexity is greater than that of the trial court. The majority of judges of this court have concluded that it would not be justified on the present evidence in decreeing a change in the disposition made by the trial court. That disposition is provisional, subject to change with experience and further information, and this court thinks it should leave the disposition at least subject to trial. And in accordance with this opinion the decree of the court on the subject of the custody of the children is upheld. This court is further of opinion, however, that the allowance to be paid to the mother for support of the youngest girl awarded to her custody, the daughter Gladys, should be increased from eighteen dollars a month to twenty-five dollars a month. That amount is thought to be a fair measure of the appellee's duty according to the financial ability the evidence shows him to possess.

In the order for the fee of one hundred dollars for the wife's counsel in the suit, the subject of the second appeal, this court finds no error.

All the costs should, in the opinion of the court, be paid by the husband.

The decree in the first appeal is affirmed in part and reversed in part, and the case remanded for further proceedings in accordance with this opinion. The order appealed

610

from in the second appeal is affirmed; costs in this court and in the trial court to be paid by the appellee.

> *Decree affirmed in part and reversed in part, and case remanded for further proceedings; order affirmed, with costs to the appellant.*

PATTISON and ADKINS, JJ., dissent in part.