## ROUSSEY *v.* ROUSSEY

(Two Appeals In One Record)

[No. 167, October Term, 1955.]

262

*Decided June 13, 1956.*

The cause was argued before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*A. Freeborn Brown* and *William G. Kemp,* with whom was *Edward D. E. Rollins,* on the brief, for appellant.

*William S. James* for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal and cross-appeal is from a decree of the Circuit Court for Harford County dismissing a husband's bill for divorce *a mensa* on the ground of desertion, and the wife's cross-bill on the ground of constructive desertion. Each complainant sought custody of the two children, but the court awarded custody of one child to each party, and ordered the

husband to pay a counsel fee and arrears of alimony *pendente lite*.

The material facts may be briefly stated. The parties were married in New Jersey in 1947, and resided there until they moved to Maryland in 1954, where he went into the tree surgery business with his brother. Their married life was aptly characterized by the trial court as "stormy and turbulent". Their repeated quarrels and occasional separations all arose from trivial causes. If he was domineering and frugal, as she claimed, she was hot-tempered and disinclined to live within their means. He had been a Navy flyer and she had been the victim of an attack of polio. Neither was prepared to exercise that mutual restraint and consideration that a successful marriage requires. Nevertheless, a careful reading of the record discloses nothing that would afford legal justification for their final separation on December 27, 1954. They were visiting relatives in New Jersey, and a quarrel ensued because he would not go out with her in the evening, and she went without him in the company of his cousin and his wife, and spent the night at the home of this couple. On the following day, the parties went to see a lawyer, and afterwards he drove her to her mother's home, where she remained with the older boy, then aged seven, and he returned to Maryland with the younger boy, then aged three. There is a sharp conflict in the testimony as to whether he took the boy with her consent.

As the court said: "Both of the parties testified that there was no possible hope or expectation of a reconciliation. The husband admitted that he no longer loved his wife and the wife frankly testified that she could not 'bear' her husband". Neither party made any serious efforts at reconciliation. On January 2, 1955, and again on January 14, 1955, Mrs. Roussey came to Maryland and made unsuccessful efforts to obtain the younger boy. She then employed counsel in Elkton. He filed his bill on January 25, 1955, and her answer and cross-bill were filed on February 14, 1955. We find no error in the dismissal of both bills.

In dealing with the difficult problem of custody, the court found that each parent was able and willing to provide an adequate home for the children and give them the requisite care

and affection. He felt, however, that the existing arrangement had certain advantages. He made the point that since the older boy was of school age and went to school with her sister's children, the wife was enabled to work during the day at a job that paid her $32.00 a week. She probably could not keep her job, if she had the care of the younger child as well. On the other hand, the husband was living with his mother, who though sixty-four years of age, was willing and able to take care of the younger boy during the day.

With due regard for the opinion of the court, we think the consideration mentioned should not outweigh the disadvantages incident to the separation of the children. The chief consideration is always, of course, the best interest of the children. *Miller v. Miller,* 191 Md. 396, 407. Unless the mother is an unfit person, she is usually preferred where the children are of tender years. *Townsend v. Townsend,* 205 Md. 591, and cases cited. In *Miller v. Miller, supra,* the Court was divided as to the fitness of the mother because of alleged past neglect. Judge Markell, in a vigorous dissenting opinion (p. 412), argued that outside employment by the wife was not a proper ground to deny her the custody of a three year old child. Other things being equal, a divided control is to be avoided. *Cullotta v. Cullotta,* 193 Md. 374. This Court has repeatedly stressed the inadvisability of having children brought up in hostile camps, *Kartman v. Kartman,* 163 Md. 19, 26, where they are deprived of each other's companionship. *Burns v. Bines,* 189 Md. 157, 165; *White v. Seward,* 187 Md. 43, 48; *Dunnigan v. Dunnigan,* 182 Md. 47, 53. The only case cited where a split custody was approved is *Kerger v. Kerger,* 156 Md. 607. In that case the children were much older, the factual basis is not stated in the *per curiam* opinion, and the Court was divided on the point.

In the instant case we think the possible effect upon the ability of the wife to hold her job should not be controlling. Working mothers are commonplace in the present day and baby-sitters are a national institution. Moreover, in a year or so the younger boy will be of school, or at least kindergarten, age. With adequate support from the father, we see no reason why custody should be denied to the mother on this ground.

The husband's present earnings are about $100.00 a week and it is alleged that he receives about $85.00 a month from the rent of a house owned by the parties as tenants by the entireties in New Jersey. The court did not make an award for support, but it is alleged that the husband has been paying $15.00 a week for the support of the child whose custody was awarded to the wife. We think an allowance of $30.00 a week for both children would be reasonable under the circumstances, and that custody of both children should be awarded to the mother, all subject to further order of court.

The appellee contends that the portion of the decree ordering him to pay a counsel fee and arrears of alimony *pendente lite* was erroneous, because the order dated February 14, 1955, directing the payment of a fee of $75.00 and alimony *pendente lite* of $25.00 a week, was not personally served upon him. We find no merit in the contention. The appellee had invoked the jurisdiction of the court and the order was served upon his counsel of record. Cf. *McSherry v. McSherry,* 113 Md. 395, 403.

> *Decree affirmed in part, reversed in part, and case remanded for the passage of a decree in accordance with this opinion; costs to be paid by the appellee.*