## KOGER *v.* KOGER

[No. 292, September Term, 1957.]

374

*Decided June 18, 1958.*

*Motion for rehearing filed July 18, 1958, denied July 25, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Archie D. Williams* for the appellant.

*Lena King Lee,* with whom were *William H. Murphy* and *Nicholas & Gosnell* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree dated October 30, 1957, granting a divorce *a vinculo* to a husband on the ground of desertion and awarding custody of three minor, female children, then aged 8, 7 and 5, respectively, to the wife, and ordering the payment by the husband of $30 per week for their support. The appeal challenges only the award of custody.

The parties were married in 1948 and separated on November 20, 1955, when the wife moved to a new address taking the children with her. On June 18, 1956, the husband obtained a decree of divorce *a mensa* on the ground of desertion, which the wife did not contest. Although the bill prayed custody, the husband testified that the wife was a fit person to have custody and agreed to pay for their support at the rate of $50 per week. Custody was awarded to the wife, and the children have remained with her ever since. In the instant case, however, custody was contested by the husband, who testified, contrary to the wife's testimony, that she had been uncooperative with regard to his visitation rights. In the instant case, the Chancellor stated that he

would grant broad visitation powers on the part of the husband, and did so in a supplemental decree, dated December 27, 1957, the terms of which are not questioned.

The appellant raises a number of technical objections to the decree appealed from. He contends that the wife is not entitled to custody under the pleadings, since she merely denied the allegation charging desertion and prayed that the bill be dismissed, rather than praying affirmatively for custody of the children. This argument overlooks the fact that the wife had custody under the prior decree, and that his prayer for custody put the matter in issue, or at least before the court for decision. It cannot be doubted that the Chancellor had jurisdiction to direct who should have custody, under Code (1957), Art. 16, sec. 25. Cf. Code (1957), Art. 16, sec. 28. Indeed, the statute makes it plain that the Chancellor must retain jurisdiction for that purpose, when custody is prayed by the complainant, even where a divorce is denied. *Smith v. Smith,* 216 Md. 141, 145, and cases cited. The proceeding is not adversary in the usual sense. Custody may be denied, in a proper case, to one of the natural guardians, and awarded to grandparents, or other persons. Cf. *Trenton v. Christ,* 216 Md. 418, 420, and *Dietrich v. Anderson,* 185 Md. 103, 116.

The same misconception runs through other contentions of the appellant. The fact that the appellant prayed custody and produced evidence of ability to support the children in his own home is not controlling. Nor does the fact that he is deprived of custody necessarily relieve him of the duty of support. Cf. *McKay v. Paulson,* 211 Md. 90, 95. Neither parent has a preemptive right to custody, or any right superior to the right of the other. The inquiry is always as to the best interests of the children. An award of custody to the mother, in a proper case, does not violate any of the provisions of the Fourteenth Amendment of the United States Constitution. She is not barred from receiving custody under the equitable doctrine of "clean hands", if that doctrine is applicable at all in a divorce or custody case, merely because she was found to be guilty of a marital fault entitling her

husband to a divorce decree. Cf. *Oliver v. Oliver,* 217 Md.
222, and *Trudeau v. Trudeau,* 204 Md. 214. The argument
that the decree is untenable because it is "rewarding her for
doing wrong" would visit the sins of the parents upon the
children, and finds no support in the Maryland authorities.

On the merits of the case, both of the parties testified in
open court. The appellant testified that he was regularly em-
ployed at a salary of $90 per week and owned his own home,
where he lived with his mother and sister, who had been
working in New York until shortly before the trial. The
appellee testified that she was employed as a school teacher
at a salary of $390 per month and had a three-room apart-
ment. The children "go to school in the morning and they
come home to a nursing home around the corner" until she
picks them up at about 3:30 P. M. She testified that she
had a mother and four sisters living in the neighborhood.
The children were well and happy. The appellant admitted
that she was a fit person to raise the children, that her home
was adequate, and that the children were well cared for.
She had cared for them since birth and had had the sole
custody since 1955.

Subsequent to the passage of the decree appealed from,
there was a rehearing on the amount of support, resulting in
an affirmance of the original decree, dated November 29,
1957, which was also appealed but abandoned in this Court.
The record extract, and the transcript also, contain a report
of proceedings on February 20, 1958, consisting solely of a
colloquy between counsel and the court. The purpose of
this hearing is obscure. It was stated to be in order "to
supplement the record which because of reporting error, ap-
parently, is incomplete * * * all statements of counsel, the
ruling of the court, and all statements of the court have been
omitted * * *." The Chancellor stated that he would hear
any further testimony that might affect "my judgment of
this woman", but none was offered. He stated that "on the
testimony, despite the fact that I recognize and accept the
father also has an adequate home in which the children could
be raised by some female members of his family—his mother,
sister—nevertheless, the children should be placed in the

custody of the mother with broad visitation powers on the part of the husband. That being so, the husband is bound to support the children. I think that figure has also been included in the decree." We think this new matter is not properly before us, but if it were, we think it has no material bearing upon the original decree, which was based on the testimony then taken.

We find no abuse of the sound discretion reposed in the Chancellor in cases of this character. In *Cullotta v. Cullotta,* 193 Md. 374, 384, we said: "Before us are four infant children, all under the age of ten years. Disinterested witnesses testified that the mother gave these children sufficient care. Even the paternal grandmother would not say that the appellee was not a fit mother for these children. Infants as young as those before this Court should not be separated from their mother without grave and weighty reasons, which we do not find existed in this case." (Citing cases). See also *Townsend v. Townsend,* 205 Md. 591, 596, and *Roussey v. Roussey,* 210 Md. 261, 264.

> *Decree affirmed, costs to be*
> *paid by the appellant.*

PRESCOTT, J., concurs in the result.