## SACKMAN *v.* SACKMAN

[No. 438, September Term, 1963.]

238

*Decided October 13, 1964.*

The cause was argued before HENDERSON, C. J., and HAMMOND, PRESCOTT, HORNEY, MARBURY, SYBERT and OPPENHEIMER, JJ.

*Lawrence A. Kaufman,* with whom were *Cable and McDaniel* and *Kenneth D. Short* on the brief, for the appellant.

No brief and no appearance for the appellee.

HENDERSON, C. J., delivered the opinion of the Court.

This appeal is from a decree of the Chancellor dismissing a bill for divorce *a mensa* and custody of a child, filed by a husband on the ground of the wife's desertion. The parties were married in Germany on July 4, 1957. He was a career member of the United States Army, a sergeant 41 years of age, and she was a German girl, 19 years of age. The marriage was performed by a civil ceremony and again by a religious ceremony at Frankfurt, attended by her parents and friends. He was ordered to duty at Western Maryland College, Westminster, Maryland, and there resided at 60 Washington Road for more than five years. A child was born to the parties on July 8, 1958. On December 3, 1962, while he was on a hunting trip, she returned to her parents in Germany, taking the child with her. She left a letter stating that she had planned to leave for some time, and that her decision was final. She did not accuse him of any marital wrongdoing.

The husband filed the bill for divorce on January 31, 1963. She was duly served with a copy of the bill, and did not file an answer or otherwise contest it. In a second letter put in evi-

dence by the husband, she admitted receiving the bill and order of publication. She stated that she would not come back to live with a man she did not love. Two other witnesses, called by the husband, testified that she had told them she would never return. It seems clear that a case of desertion was made out.

The Chancellor, however, denied relief on the ground that the wife's first letter, put in evidence, showed that she had "a meritorious defense to this action." A passage in that letter read: "* * * you know that the day I found out you had a daughter getting married which was older than what I was our whole marriage changed—you know it, we often talked about it." She did not say she was unaware of the fact that her husband had been previously married and divorced, or that there had been a child of that marriage. He testified that he had told her and her parents how old he was prior to the marriage, that he had been previously married in 1946, and divorced in 1955, and that he had a daughter by that marriage. This daughter was seventeen at the time the wife left, and the wife was twenty-five. He testified that the wife knew he received letters from the daughter, and she had purchased for him dresses and other presents for the daughter.

We cannot find on the record that the wife had a meritorious defense in fact or in law. Quite apart from condonation, which is argued by the appellant, it seems clear that to justify a desertion a spouse must have grounds that would support a suit for divorce, or at least show conduct on the part of the other spouse that would render a continuance of the marital relationship unbearable. *Bryce v. Bryce,* 229 Md. 16, 22; *Luther v. Luther,* 233 Md. 92, 95. In the instant case there is no disclosure of any reason for the wife's departure, except perhaps the disparity in their ages and homesickness on her part. If it be true that she did not learn that he had a daughter by the prior marriage, until after the marriage to her, this in itself would not justify her leaving him. The fact of having a child born in wedlock would not even constitute a reflection upon his character. For all we know he may have been the innocent party in the divorce proceedings.

The Chancellor seems to have based his conclusion on a theory of recrimination, by reason of a fraudulent concealment.

But the authorities generally hold that the concealment of a former marriage and divorce is not such fraud as would vitiate a marriage. See the cases collected in the notes, 23 A.L.R. 180, 33 A.L.R. 835, 58 A.L.R. 326. In *Oswald v. Oswald,* 146 Md. 313, an annulment was denied although such a concealment was established. See also *Behr v. Behr,* 181 Md. 422. Code (1957), Art. 16, sec. 24, includes as a ground for divorce *a vinculo* "* * * any cause which by the laws of this State, render a marriage null and void ab initio." Cf. sec. 27. We need not pause to consider in what cases fraudulent concealment of premarital misconduct would fall within this classification or merely render the marriage voidable. See the articles by Strahorn in 2 Md. L. Rev. 211, and 13 Md. L. Rev. 128. The defense of recrimination can only be sustained by proof of a marital offense that would constitute a ground for divorce. *Courson v. Courson,* 208 Md. 171. As we have indicated, there was no showing in the instant case that the prior marriage and divorce were concealed.

For the reasons stated, we are constrained to reverse the decree appealed from and remand the case for the entry of a decree granting the husband a divorce *a mensa.* Since the appellant states in his brief that he "elects no longer to seek an award of custody in these proceedings", we think it unnecessary for the court to deal with that problem at this time. The decree should, however, retain jurisdiction for the purpose of passing upon any questions of custody or support that may arise in the future. Cf. *Koger v. Koger,* 217 Md. 372, and *Price v. Price,* 232 Md. 379.

> *Decree reversed and case remanded for the passage of a decree in conformity with the views herein stated, costs to be paid by the appellant.*