## PARSONS *v.* PARSONS

[No. 26, September Term, 1969.]

*Decided November 12, 1969.*

The cause was argued before HAMMOND, C. J., and MCWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Robert J. Flynn* for appellant.

*Fred I. Simon* for appellee.

PER CURIAM.

This case is before us on appeal from a decision of the Circuit Court for Prince George's County dismissing appellant's (wife's) cross bill of complaint for a divorce *a mensa et thoro*. On April 1, 1968, the appellee (husband) filed a bill of complaint for divorce *a mensa* alleging constructive desertion. On April 22, the appellant filed her cross bill alleging constructive desertion. At the trial, upon the conclusion of the appellee's case, his bill of complaint was dismissed for lack of corroboration. Appellant then took the stand and, after a series of questions by the trial judge, her cross bill was also dismissed apparently on the basis of the doctrine of recrimination. The following is the relevant colloquy which led the lower court to draw this conclusion:

> Judge: Why did you move out of the bedroom?
> Appellant: In March?
> Judge: Yes.
> Appellant: When I found out he was going to divorce me, and I am a Catholic, I didn't feel I should become pregnant.

Judge: There's your case Mr. Flynn, too.
[Mr. Flynn being the appellant's attorney.]

The issue before this court is whether the refusal to occupy the same bedroom was sufficient proof of a marital offense on her part to justify the court in dismissing her cross bill of complaint. The doctrine of recrimination can only be applied where there is "proof of a marital offense that would constitute a ground for divorce." *Sackman v. Sackman,* 236 Md. 237, 240, 203 A. 2d 903 (1964). The evidence in this case does indicate a refusal by the appellant to share the same bedroom with the appellee. However, under Maryland law this is not sufficient grounds for a divorce. As we stated in *Mower v. Mower,* 209 Md. 413, 417, 121 A. 2d 185 (1956), "It is understood of course, that the mere fact that a husband ceases to occupy the room in which he and his wife have been accustomed to sleep and thereafter occupies alone another room in the house is not necessarily a withdrawal of marital rights from the wife which constitutes desertion within the meaning of the statute. It is only where it is without good reason that the husband leaves his wife and permanently refuses to have intercourse that the occupancy of another room constitutes desertion as a ground for divorce." See also *Fortman v. Fortman,* 250 Md. 355, 243 A. 2d 517 (1968). From the testimony we find no evidence which would indicate that there had been a request by the husband, yet alone, a permanent refusal to engage in intercourse by the wife. The wife's desire to protect herself from pregnancy was conditioned on the fact that she was of the belief that her husband was going to divorce her. There was no evidence that it was an unreasonable, unequivocal and permanent denial of sexual relations. The wife's statement is susceptible to the construction that if the husband abandoned his intention of pursuing the divorce her consent to relations would not be withheld. We therefore conclude that there was insufficient evidence to allow the dismissal of the wife's cross bill on the basis of the doc-

trine of recrimination, the case should therefore be reversed and remanded for further proceedings.[1]

> *Order dismissing the appellant's cross bill reversed and cause remanded for further proceedings, appellee to pay costs.*

---

1. We note that had the chancellor been correct in his interpretation of the evidence relating to the denial of marital rights on the part of the wife as amounting to recrimination, then, to be consistent, he should have reinstated the husband's bill of complaint and granted his request for an *a mensa decree* on the grounds of the wife's denial of marital rights. However, since we disagree with the legal construction which the chancellor placed on the wife's testimony, the lower court's inconsistent ruling becomes an academic issue with which we need not here concern ourselves.