Carol Wilkinson Louis, Plaintiff-Appellee, v. John Louis, Defendant-Appellant.

Gen. No. 53,209.

First District.

May 15, 1970.

Rehearing denied July 31, 1970.

Harry A. Carlson, of Chicago, for appellant.

Ehrlich, Bendesen & Cohn, of Chicago (Howard W. Broecker, of counsel), for appellee.

STOUDER, J.

Carol Louis, Plaintiff, Appellee, commenced this action in the Circuit Court of Cook County seeking to annul the purported marriage between herself and John Louis, Defendant, Appellant. The annulment was granted and thereafter within 30 days from the entry of the decree, defendant moved to vacate such decree. This is an appeal from the court's order declining to vacate the decree.

According to the complaint the parties participated in a marriage ceremony on September 16, 1967, at Lake Forest, Illinois. Prior to the time of the marriage de-

fendant represented to plaintiff that he wanted her to bear his children and further, that he was willing to consummate the marriage with the plaintiff. According to the complaint, such representations were made to induce plaintiff to consent to the marriage. Such representations were false and fraudulent because plaintiff after the marriage ceremony discovered that defendant never intended to consummate the marriage nor intended to permit plaintiff to have children, and neither was ever accomplished. The parties separated about October 15, 1967.

Defendant filed his answer denying the material allegations of the complaint, although in his answer he admitted the marriage had not been consummated but charged that such failure was due to the refusal of plaintiff. Rinella & Rinella, Attorneys at Law, filed their appearance in behalf of defendant, it appearing that James M. Forkins, an associate of the firm, actively represented defendant in the proceedings.

Pursuant to motion of the plaintiff after notice to defendant's counsel, the case was assigned for hearing as a case at issue on the pleadings where evidence would be introduced in support of only the complaint or counterclaim, Cook County Circuit Court Rule 15. The case was heard on December 22, 1967, at which time Forkins was present on behalf of defendant. At the hearing plaintiff testified, together with other witnesses, but defendant neither appeared nor testified. The evidence presented was substantially in accord with the allegations of the complaint. Thereafter, the decree of annulment was entered and filed on December 28, 1967.

Within 30 days from the entry of the decree defendant filed his motion to vacate the decree of annulment. The motion to vacate set forth two general theories. First, that the decree of annulment was void because the complaint failed to state a cause of action and it was not

aided either by evidence or the decree itself. Second, the defendant desired and ought to be entitled to present opposing evidence because he was not notified of the hearing and his attorney had exceeded his authority in appearing for him. Hearing was had on the motion to vacate the decree, at which time the court heard evidence relating thereto. Such evidence consisted principally of the testimony of plaintiff, defendant, and James Forkins, defendant's original attorney. (Defendant employed new counsel to file the petition to vacate the decree.) Defendant's motion was denied by the trial court, and at the same time pursuant to plaintiff's application, the court held that the defendant's motion was not filed in good faith and as a result thereof, the court assessed plaintiff's attorneys' fees in the amount of $500 against defendant.

The first question to be considered is whether as asserted by defendant, the allegations of fraud are insufficient to state a cause of action for annulment of the marriage.

Fraud that will warrant the annulment of a marriage is such fraud that goes to the essence of the marriage contract. It must be such as to vitiate consent that is, it must be shown that although there was an actual consent, there was no reality of consent. Bielby v. Bielby, 333 Ill 478, 165 NE 231. The fraudulent representations for which a marriage may be annulled must be of something essential to the marriage relation, of something making impossible the performance of the duties and obligations of that relation or rendering its assumption and continuance dangerous to health or life. Lyon v. Lyon, 230 Ill 366, 82 NE 850. In Johnson v. Johnson, 257 Ill App 587, the principal case relied upon by defendant, the court discusses and applies the Bielby and Lyon cases, supra, and affirms the judgment of the trial court dismissing a complaint for annulment for want of equity. We believe the Johnson case is distinguishable from the

328

instant case on its facts, and from the reasoning in Johnson as applied to the instant case, the complaint is sufficient to state a cause of action.

In Johnson, the complaint alleged the defendant, pursuant to a preconceived plan, never intended to live with him as his wife and assume her marriage duties. The complaint also alleged that she made false, deceitful and fraudulent statements and promises, upon which he relied that she would fulfill all her marriage obligations. Defendant was defaulted for want of answer or appearance, and the plaintiff introduced evidence in support of his complaint, including a purported letter from the defendant in which she indicated she had never intended to live with plaintiff. The court concluded that the plaintiff had not proved his complaint, and the contents of the dubious letter from the defendant were insufficient to warrant an annulment. Although the complaint refers to false promises and statements, they are at best of a general character only, and not statements of fact. Further, the opinion also discussing misrepresentations does not indicate that any misrepresentations were, in fact, made and the purported intention of the defendant not to live with the plaintiff is not related to any representation of fact. The court in Johnson states, "And it may well be that the chancellor in view of the facts and circumstances entertained doubts, as we do, as to the genuineness of the letter. But, even assuming its genuineness and that defendant had intentions at the time of the marriage as stated in the letter, we do not think that the court would have been justified in granting an annulment of the marriage under decisions in this State and the general current of authority in other jurisdictions." In effect, the court concluded that there was no fraudulent conduct inducing the marriage which made impossible the performance of marital duties and obligations.

The statement of a matter in the future, if affirmed as a fact, may amount to a fraudulent misrepre-

329

sentation, but it must amount to an assertion of a fact and not an agreement to do something in the future. Bielby v. Bielby, supra. In our view, the misrepresentations charged relate to a present state of facts. The willingness to consummate the marriage includes the ability to do so both mentally and physically.

In determining the materiality of fraud, the above-cited cases indicate the salutory policy that marriages ought to be protected and promoted. Where, as in the instant case, the fraudulent representations induce consent in form only and performance of marital obligations is rendered impossible, annulment of such a marriage is appropriate. See Stegienko v. Stegienko, 295 Mich 530, 295 NW 252, and Maslow v. Maslow, 117 Cal App 237. The policy of protecting and nurturing the institution of marriage is not fostered by declining to legally declare the nonexistence of such marriages when, in reality, they do not and cannot exist.

■ Defendant also argues the evidence is insufficient to warrant the decree of annulment. We find no merit to such contention. The evidence generally supports and is in accord with the allegations of the complaint. That the evidence may not be as precise or as explicit as might have been the case had the issues been actively controverted does not support the contention that it is, therefore, insufficient. We feel no need to detail the evidence but believe it is sufficient to say that the decree of the court is based on ample evidence.

■ Defendant next argues the trial court abused its discretion in declining to vacate the annulment decree in order to permit defendant to introduce evidence in support of his answer. The major thrust of defendant's argument is that he was prevented from appearing by misconduct of his attorney. Defendant has called our attention to several cases in support of the general principle that an attorney is bound to follow the instructions and act within the authority granted by his client. See

Stephens v. Kasten, 383 Ill 127, 48 NE2d 508 and Fessler v. Weiss, 348 Ill App 21, 107 NE2d 795. Such cases do not support defendant's assertion that his attorney acted contrary to his instructions or without his authority.

Defendant's argument is based on a letter which he received from his attorney December 5, 1967. "Your wife's attorney and I have reached an agreement along the lines you and I previously discussed, and a written embodiment of that agreement is to be sent to me for your signature. The hearing on your wife's annulment suit has been set for December 22, 1967, at 9:30 a. m. and it will not be necessary for you to be present if I have the executed agreement to present to the court at that time. Once the decree is entered, then you and I can discuss the steps to be taken to accomplish what you have in mind." During prior conferences between defendant Louis and Forkins, the details of the property settlement referred to were worked out and related to payment of attorneys' fees, return of gifts and payment of certain small bills of plaintiff. No written property settlement was ever executed.

On December 17, 1967, defendant Louis wrote plaintiff a letter which commenced as follows, "three months ago yesterday we were married, five days from tonight we will be legally no more." On December 18, 1967, defendant Louis had a telephone conversation with Forkins during which conversation Louis indicated that he would be out of town for a few days. During this conversation Forkins indicated that the hearing would be postponed unless he was satisfied that the plaintiff would fulfill the property settlement agreement.

The annulment hearing was held on December 22, 1967. On January 3, 1968, in a telephone conversation between Louis and Forkins, the former was advised that the annulment had been entered. On January 22, 1968, defendant Louis, together with Forkins and plaintiff, met in the office of plaintiff's attorney to conclude the post-

judgment details. At the conclusion of this conference, defendant Louis delivered a check to his attorney Forkins in the amount of $252.18 to be held in escrow pending return of a ring guard by plaintiff. The $252.18 check represented the total of certain bills of plaintiff which defendant had agreed to pay and the delivery of the ring guard was the only unperformed condition of the agreement.

Two days later defendant Louis engaged new counsel and filed the motion to vacate the annulment decree. The motion so far as it sought leave to vacate the decree in order to permit defendant to present evidence in support of his answer, sought the application of Ill Rev Stats 1967, § 50, c 110. Such section permits the discretionary modification or vacation of decrees where application therefor is made within 30 days from entry of such decrees.

The initial weakness and one which is fatal to defendant's argument, is the absence of any evidence from which it may be inferred that defendant ever intended to introduce evidence in support of his answer. Absent such intention or desire prior to the entry of the decree, it can hardly be said that defendant could have been deprived of the opportunity to carry out a non-existent desire or intent. The letter of December 17, 1967, from defendant to plaintiff is completely contrary to the existence of any such intent or desire. It would serve no useful purpose to quote the letter, since it is quite lengthy, but the initial passage quoted above indicates an unconditional expectation that the case would be heard and decided favorably to plaintiff on December 22, 1967. Although the letter indicates a regret concerning the situation as it developed, the letter tends to indicate that the plaintiff's complaints were justified.

That Forkins, the attorney for defendant, was guilty of any misconduct in permitting the hearing or ap-

pearing therein on December 22, 1967, is equally without merit. Although the letter of December 5, 1967, referred to a written property settlement agreement, the conversation of December 18th changed such requirement and the performance of the oral agreement on January 22, 1968, appears to us to conclusively demonstrate that Forkins' conduct was in accord with defendant's instructions. Defendant seeks to avoid such conclusion by insisting that the January 22nd payment was not a "final settlement." We fail to see how such characterization can avoid the conclusion that the agreement entered into by defendant's attorney and performed by defendant was contrary to the attorney's authority.

It is also our conclusion that the trial court committed no error in assessing attorneys' fees in the amount of $500 against the defendant pursuant to Ill Rev Stats 1967, § 41, c 110. We agree with the trial court's determination that much of defendant's post-trial motion was false, and rather than being filed in good faith, was filed with the intent to embarrass, inconvenience or injure plaintiff.

Finding no error in the judgment of the Circuit Court of Cook County, judgment is affirmed.

Judgment affirmed.

RYAN, P. J. and ALLOY, J., concur.