CHERYL W. MAYO, Plaintiff v. FRANK E. MAYO, Defendant

No. COA04-1334

(Filed 16 August 2005)

## 1. Appeal and Error— preservation of issues—impermissibly changing theory on appeal

The trial court did not err by permitting defendant husband to seek an annulment even though plaintiff wife contends defendant earlier took the position that the parties were legally married, because: (1) plaintiff has impermissibly sought to change the theory presented in the instant appeal from that which was presented to the trial court for determination; and (2) unlike in *Fungaroli v. Fungaroli*, 53 N.C. App. 270 (1981), this case does not implicate the full faith and credit clause or the public policy in favor of it that would preclude defendant's right to seek an annulment of the marriage.

## 2. Annulment— fraud—concealment of number of prior marriages—Georgia law

The trial court did not err by annulling the parties' marriage on the ground of fraud even though the only misrepresentation concerned the number of plaintiff wife's prior marriages, because: (1) applying Georgia law, based on the parties being married and living a portion of their married life in Georgia, the nature of consent by the parties required to constitute an actual contract of marriage was voluntary consent without any fraud practiced upon either; (2) the Georgia application for a marriage license required the bride and groom to disclose, upon oath, the number of previous marriages, the method by which those marriages were dissolved, the grounds for dissolution, and the date and place; (3) contrary to plaintiff's assertion, hiding five of seven previous marriages does not fall within a de minimus standard even if that standard existed; and (4) none of the cases from other jurisdictions cited by plaintiff involve a party hiding as many previous marriages as in the instant case.

Appeal by plaintiff from judgment entered 28 May 2004 by Judge Laura Bridges in Transylvania County District Court. Heard in the Court of Appeals 18 May 2005.

MAYO v. MAYO

[172 N.C. App. 844 (2005)]

*H. Paul Averette for plaintiff-appellant.*

*Charles W. McKeller for defendant-appellee.*

CALABRIA, Judge.

Cheryl W. Mayo ("plaintiff") appeals from a judgment of annulment of her marriage to Frank E. Mayo ("defendant"). We affirm.

On 17 February 1999, plaintiff and defendant applied for a marriage license in Georgia. Each of them represented, in the block designated "number of previous marriages," two previous marriages. Plaintiff and defendant married on 9 April 1999. In 2001, defendant learned and later confirmed plaintiff had been previously married seven times rather than two times. Subsequently, defendant accepted employment and moved to California and then communicated to plaintiff that he considered the marital relationship at an end.

Plaintiff filed for a divorce from bed and board, abandonment, indignities, and adultery in Transylvania County on 3 September 2002, seeking post-separation support, alimony, and equitable distribution. In plaintiff's complaint, she alleged the existence of a lawful marriage. Defendant admitted the existence of a valid marriage in his answer. After protracted litigation dealing with, *inter alia,* post-separation support in favor of plaintiff and interim distributions, a separate judgment of absolute divorce was entered on 25 March 2003. Thereafter on 11 March 2004, defendant submitted a motion in the cause for an annulment of the marriage. After conducting a hearing on the issues, the trial court entered a judgment annulling the marriage between the parties. From that judgment, plaintiff appeals, asserting the trial court erred in (1) permitting defendant to seek an annulment after earlier taking the position that the parties were legally married and (2) annulling the marriage on grounds of fraud when the only misrepresentation concerns the number of prior marriages.

I. Contrary Positions

[1] Plaintiff asserts in her first assignment of error that defendant's pleadings include admissions of a lawful marriage, and annulment should not have been allowed in light of these admissions. We disagree.

At the hearing, plaintiff raised two initial challenges to the annulment proceeding: jurisdiction and standing. With respect to the

standing argument, plaintiff argued defendant lacked standing to seek an annulment on the grounds that he was seeking to have the marriage annulled after a judgment of absolute divorce was entered. Specifically, plaintiff argued the following at the hearing:

> So here you have a Movant who is trying to ask the Court for an annulment . . . but has already gotten a divorce from the person he's asking the Court to render the Annulment for. So I think there's a serious issue of standing to even raise that. . . . . I've never heard of anyone coming in later after a divorce has been granted and then . . . asking that . . . the prior marriage be declared null . . . . I don't think there is [standing to do that].

In her brief to this Court, however, plaintiff does not argue defendant lacked standing. Rather, plaintiff argues "defendant's ready admission that the parties were lawfully married in his pleadings, coupled with his lengthy silence on his alleged ground for an annulment necessarily demonstrate that the defendant was precluded from seeking an annulment." In so doing, plaintiff has impermissibly sought to change the theory presented in the instant appeal (defendant is bound by the representations in his pleadings) from that which was presented to the trial court for determination (defendant cannot seek an annulment because a judgment of divorce had already been entered). *See* *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934) (noting our courts do not permit the submission of new theories, not previously argued, because "the law does not permit parties to swap horses between courts in order to get a better mount [on appeal]").

Moreover, plaintiff cites and primarily relies on this Court's holding in *Fungaroli v. Fungaroli,* 53 N.C. App. 270, 280 S.E.2d 787 (1981), involving a plaintiff husband who filed a complaint for divorce in North Carolina and, after being ordered by a North Carolina court to pay alimony and transfer custody of the child to the defendant wife, sought a decree of annulment in the courts of Virginia. The Virginia court annulled the parties' marriage, and this Court subsequently declined to give effect to the Virginia decree. Along with other reasons given, this Court noted it would violate North Carolina's public policy to give full faith and credit to the Virginia decree where plaintiff went to another state and sought an annulment in contradiction to his previous representations of a valid marriage solely to extinguish the defendant wife's right to alimony. *Id.*, 53 N.C. App. at 279, 280 S.E.2d at 793. This case does not implicate the full faith and credit clause or the public policy in favor of it;

accordingly, *Fungaroli* does not preclude defendant's right to seek an annulment of the marriage. This assignment of error is overruled.

## II. Grounds for Annulment

[2] In her second assignment of error, plaintiff argues the trial court erred in annulling the marriage because "plaintiff's alleged concealment of the number of her prior marriages [does] not rise to the level of fraud that is necessary to sustain an annulment." Initially, we note the parties sought and the trial court applied Georgia law in determining substantively whether an annulment should be granted the parties, who were married and lived a portion of their married life in Georgia.

Under Georgia law, the nature of consent by the parties required to constitute an actual contract of marriage is voluntary consent "without any fraud practiced upon either." Ga. Code Ann. § 19-3-4 (2004). "Marriages of persons . . . fraudulently induced to contract shall be void" unless there occurs by the party so defrauded "a subsequent consent and ratification of the marriage, freely and voluntarily made, accompanied by cohabitation as husband and wife[,]" which renders the marriage valid. Ga. Code Ann. § 19-3-5 (2004). An annulment, under Georgia law, operates in the same manner as "a total divorce between the parties of a void marriage and shall return the parties thereto to their original status before marriage." Ga. Code Ann. § 19-4-5 (2004). The parties have not cited, nor can we find, a Georgia case concerning the effect of a misrepresentation concerning the number of prior marriages on the validity of the marriage. However, we do note that the Georgia application for a marriage license requires the bride and groom to disclose, under oath, the number of previous marriages, the method by which those marriages were dissolved, the grounds for dissolution, and the date and place. We hold plaintiff's argument, that her concealment of five of her seven previous marriages does not "constitute[] sufficient fraud to serve as a basis to annul a marriage," is erroneous for two reasons.

First, the statutory law of Georgia is couched in terms of "any" fraud. The relevant question, therefore, is whether there exists fraud, not whether the existing fraud is sufficient. We do not read the term "any" to mean that there might not exist some *de minimus* standard in Georgia which would not justify annulling a marriage; however, a misrepresentation hiding five previous marriages while disclosing two does not, in our opinion, fall within such a *de minimus* standard.

Second, none of the cases from other jurisdictions cited by plaintiff involve a party hiding as many previous marriages as in the instant case. Certainly, the greater the concealed number of marriages, the more force has the argument of the injured party. The application for a marriage license in Georgia further evinces that state's interest in the circumstances of previous marriages, which are given under oath. In light of the statutory language of Georgia, the requirements of disclosure on the application for a marriage license in Georgia, and the comparison between the number of concealed versus the number of revealed marriages, we perceive no error in the trial court's annulment of the marriage in the instant case. This assignment of error is overruled.

Affirmed.

Judges McGEE and ELMORE concur.