# Illinois Official Reports

## Appellate Court

---

*In re Marriage of Igene*, 2015 IL App (1st) 140344

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF TAISHEKA R. IGENE, Petitioner-Appellee, and COURAGE IGENE, Respondent-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-14-0344 |
| Filed | June 26, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-D-530916; the Hon. Patrick T. Murphy, Judge, presiding. |
| Judgment | Reversed and remanded for further proceedings. |
| Counsel on Appeal | Michael G. DiDomenico, of Lake Toback, of Chicago, for appellant.<br><br>Owolabi Alaba, of Leaders Law Center, of Bolingbrook, for appellee. |
| Panel | JUSTICE HALL delivered the judgment of the court, with opinion.<br>Presiding Justice Hoffman and Justice Rochford concurred in the judgment and opinion. |

**OPINION**

¶ 1      Respondent Courage Igene appeals a circuit court judgment granting petitioner Taisheka R. Igene's petition declaring her marriage to him invalid (annulled) pursuant to section 301(1) of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/301(1) (West 2012)). Respondent argues the circuit court erred in invalidating the parties' marriage. He requests that we reverse the judgment declaring the marriage invalid and remand for further proceedings on his counterpetition for dissolution of marriage. For the reasons that follow, we grant respondent's requests.

¶ 2                                      BACKGROUND

¶ 3      Respondent and petitioner met at a church convention in Houston, Texas, in July 2006. Respondent presented himself to petitioner as "Pastor Joshua." At the time of their meeting, respondent was living in Texas and was married to a woman named Alissa Willis.[1] Petitioner was single and living in Atlanta, Georgia. According to petitioner, respondent never disclosed he was married. Upon petitioner's return to Georgia, she and respondent developed a romantic relationship through their telephone conversations.

¶ 4      On April 21, 2007, in Atlanta, Georgia, respondent and petitioner participated in a religious marriage ceremony, held without a marriage license. According to petitioner, she and respondent were unable to obtain a marriage license prior to the wedding because three days before the wedding, respondent claimed he left his identification documents in Dallas, Texas. Respondent is an immigrant to the United States from the Republic of Nigeria, Africa. Petitioner alleged she agreed to go forward with the wedding ceremony after respondent's assurances that they would obtain a marriage license in Texas. Petitioner allegedly presumed the marriage ceremony in Atlanta resulted in a valid marriage. Petitioner maintained she was not aware that respondent was married to another woman at the time she participated in the marriage ceremony.

¶ 5      After the honeymoon, the parties returned to Atlanta and then left for Dallas. Petitioner alleged that unbeknownst to her, respondent's marriage to Alissa Willis was dissolved on July 5, 2007. The parties obtained their marriage license in Dallas on July 19, 2007, and were married there in a civil ceremony by a justice of the peace on July 23, 2007.

¶ 6      Petitioner alleged she became suspicious of respondent's marital history when she attended an immigration interview with him and an officer with the Department of Homeland Security asked respondent if he had disclosed all of his previous marriages to her. According to

---

[1]Attached documents in the record show that respondent entered into a bigamous marriage with Alissa Willis on August 8, 2005; at the time respondent married Alissa Willis he was married to a woman named Sonya Gibson, whom he married on May 2, 2005. In turn, respondent's marriage to Sonya Gibson was a bigamous marriage because at the time he married her, he was married to a woman named Ramona Carter, whom he married on March 4, 2005.

Respondent's marriage to Ramona Carter was dissolved on July 27, 2005, while he was still married to Sonya Gibson. His marriage to Sonya Gibson was dissolved on January 1, 2006, while he remained married to Alissa Willis. His marriage to Alissa Willis was dissolved on July 5, 2007. No children were born of these marriages.

petitioner, respondent told her he was a victim of identity theft and that someone was using his name and was involved in a marriage.

¶ 7 Ultimately unsatisfied with respondent's explanations, petitioner eventually moved out of the marital home in September 2011. Petitioner alleged it was not until she moved to Illinois and retained counsel in November 2012 that she discovered respondent was previously married to a number of different women and that he was married to Alissa Willis at the time she and respondent participated in the marriage ceremony in Atlanta.

¶ 8 On December 10, 2012, petitioner filed the petition at issue in this appeal requesting the circuit court to declare her marriage to respondent invalid. Respondent filed a counterpetition for dissolution of marriage on March 14, 2013. After extensive motion practice, the circuit court held a hearing on the two petitions, hearing argument from both parties as well as their respective witnesses.

¶ 9 On September 13, 2013, the circuit court entered an order invalidating the parties' marriage of July 23, 2007. Three days later, the court issued a memorandum order explaining the reasons for its decision. The court also denied respondent's counterpetition for dissolution of marriage. The court subsequently denied respondent's motion for reconsideration on December 30, 2013. This appeal followed.

¶ 10                                                    ANALYSIS

¶ 11 Petitioner initially contends the respondent failed to provide an adequate record for our review and therefore we should resolve the appeal against him. Petitioner maintains we cannot review the instant appeal because respondent failed to provide a transcript of the court proceedings regarding the testimony of the parties and their respective witnesses. We must reject petitioner's contentions.

¶ 12 The record contains relevant pleadings detailing the parties' respective positions regarding the petitioner's petition. The record also includes the circuit court's memorandum order issued on September 16, 2013, containing analysis and a summary of testimony the court relied upon in reaching its decision to invalidate the parties' marriage of July 23, 2007.

¶ 13 Moreover, the absence of a transcript of court proceedings does not bar review of an appeal when the issue on appeal is solely a question of law and does not involve evidentiary matters. *Metropolitan Condominium Ass'n v. Crescent Heights*, 368 Ill. App. 3d 995, 1002 (2006). In this appeal, we must determine whether the circuit court erred as a matter of law in finding sufficient evidence of fraud to annul the parties' marriage. The relevant facts are undisputed. Accordingly, we find the record on appeal is adequate to review the merits of respondent's appeal.

¶ 14 Turning to the merits, respondent argues the circuit court erred in declaring the parties' marriage of July 23, 2007, invalid pursuant to section 301(1) of the Marriage Act. This section of the Marriage Act provides in relevant part that a court shall declare a marriage invalid (annulled) if the party was induced to enter into the marriage "by fraud involving the essentials of marriage." 750 ILCS 5/301(1) (West 2012). Our courts have held that what is essential to the relationship of a marriage differs from one marriage to the next and therefore a determination of whether a fraud goes to the essentials of a particular marriage must be decided on a case-by-case basis. *Wolfe v. Wolfe*, 76 Ill. 2d 92, 96 (1979).

¶ 15    In this case, the parties' religious marriage ceremony held in Atlanta on April 21, 2007, did not result in a valid marriage because it was conducted without a marriage license and respondent was still married to Alissa Willis. When respondent's marriage to Alissa Willis was dissolved on July 5, 2007, the impediment to the marriage between the parties was removed and an arguably valid marriage came into existence when the parties obtained a marriage license and were married in a civil ceremony by a justice of the peace on July 23, 2007.

¶ 16    The circuit court invalidated the parties' marriage of July 23 pursuant to section 301(1) of the Marriage Act on the ground that at the time of the marriage, respondent fraudulently concealed the fact that he was previously married to three different women. We reverse the circuit court because under the circumstances in this case we do not believe the respondent's concealment of his previous marriages amounted to fraud going to the essentials of the parties' marriage contract.

¶ 17    An annulment of a marriage is a judicial determination that no valid marriage ever existed. *Long v. Long*, 15 Ill. App. 2d 276, 285 (1957). The fraud necessary to warrant annulling a marriage must be such as to go to the very essence of the marriage contract. *Louis v. Louis*, 124 Ill. App. 2d 325, 328 (1970); *Hill v. Hill*, 79 Ill. App. 3d 809, 814 (1979); *Wolfe*, 76 Ill. 2d at 96. "It must be shown that the fraud was of such a nature as to vitiate the actual consent of the defrauded party." *Wolfe v. Wolfe*, 62 Ill. App. 3d 498, 501 (1978). "The fraudulent representations for which a marriage may be annulled must be of something essential to the marriage relation, of something making impossible the performance of the duties and obligations of that relation of rendering its assumption and continuance dangerous to health or life." *Louis*, 124 Ill. App. 2d at 328. "False representations as to fortune, character and social standing are not essential elements of the marriage, and it is contrary to public policy to annul a marriage for fraud or misrepresentations as to personal qualities." *Bielby v. Bielby*, 333 Ill. 478, 484 (1929).

¶ 18    A trial court's decision to grant an annulment of marriage will not be disturbed on appeal unless it is against the manifest weight of the evidence. *Hill*, 79 Ill. App. 3d at 814. A decision is against the manifest weight of the evidence if the opposite conclusion is clearly evident or if the decision is unreasonable, arbitrary, or not based on the evidence. *In re Marriage of Nord*, 402 Ill. App. 3d 288, 294 (2010).

¶ 19    Courts in most jurisdictions have determined that the concealment of a prior marriage which has been dissolved by the death of, or divorce from, a spouse does not amount to fraud going to the essentials of the marriage contract, even where there have been multiple divorces. See, *e.g.*, *Sanderson v. Sanderson*, 186 S.E.2d 84, 85 (Va. 1972) (wife's false representations prior to marriage that she was previously married and divorced only once when she was actually married and divorced five times did not constitute ground for annulment of marriage); *Sackman v. Sackman*, 203 A.2d 903, 904 (Md. 1964) ("concealment of a former marriage and divorce is not such fraud as would vitiate a marriage"); see generally J. Evans, Annotation, *Concealment of or Misrepresentation as to Prior Marital Status as Ground for Annulment of Marriage*, 15 A.L.R.3d 759, 765 (1967) ("The general rule in American jurisdictions is that misrepresentation or concealment of prior marital status is not ground for annulment of marriage.").

¶ 20    To the extent some courts have held to the contrary, those cases are factually distinguishable from the instant case in that they involve situations where the party that fraudulently concealed a prior marriage made false representations. See *Mayo v. Mayo*, 617

- 4 -

S.E.2d 672, 675 (N.C. Ct. App. 2005) (wife's false representations concealing five of seven previous marriages constituted fraud sufficient to annul marriage where application for marriage license required parties to disclose, under oath, the number of previous marriages); *Leax v. Leax*, 305 S.W.3d 22, 30-31 (Tex. App. 2009) (wife's false representations concealing five of eight previous marriages constituted fraud sufficient to annul marriage).

¶ 21    In this case, unlike in *Mayo* and *Leax*, respondent made no representations regarding the number of his previous marriages. There were no representations made by respondent on which petitioner could rely. Under these circumstances we find the circuit court erred in invalidating the parties' marriage of July 23, 2007.

¶ 22    For the foregoing reasons, we reverse the circuit court's judgment declaring the parties' marriage of July 23, 2007 invalid and remand for further proceedings on respondent's counterpetition for dissolution of marriage.

¶ 23    Reversed and remanded for further proceedings.